IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

RUDY G. SMITH                                                         PETITIONER

V.                             4:03CR00118-1
                               4:06CV00382

UNITED STATES OF AMERICA                                              RESPONDENT

## ORDER

On November 3, 2003 the petitioner pled guilty to possession with intent to distribute more than five kilograms of cocaine. Petitioner was sentenced to 120 months imprisonment, five years supervised release and a $100 special penalty assessment. Judgment was entered on July 9, 2004. Defendant did not file a direct appeal. Petitioner is presently imprisoned at the FCI Three Rivers facility in Three Rivers, Texas.

On March 27, 2006 Petitioner filed a *pro se* motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. §2255 arguing that he was denied effective assistance of counsel, that the Government breached its plea agreement and that he qualified for the application of a minor role adjustment under U.S.S.G. §3B1.2(b). The government responded on May 24, 2006.

Before analyzing Petitioner's claims for habeas relief, the Court must address Respondent's threshold argument that this habeas action was filed outside of the applicable statute of limitations. The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") and 28 U.S.C. § 2255 have an explicit one-year statute of limitations. The one-year period of limitations runs from the latest of:

>    (1) the date on which the judgment of conviction becomes final;
>    (2) the date on which the impediment to making a motion created by
>    governmental action in violation of the Constitution or laws of the United States

   is removed, if the movant was prevented from making a motion by such governmental action;

   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255.

  Pursuant to this statutory language, the petitioner had one year from the date on which his conviction became final to file his motion. The judgment of conviction becomes final when the time for filing a direct appeal expires. Petitioner did not file a timely notice of appeal, accordingly, the petitioner had one year and ten days from the date the judgment was imposed to file a §2255 motion.

  Judgment was entered in this matter on July 9, 2004. The pending motion was filed March 27, 2006 more than eight months past the last date on which he could have brought his petition. The Court concludes that Petitioner filed his federal habeas petition well outside the one-year statute of limitations found in 28 U.S.C. § 2255.

  In habeas proceedings, equitable tolling is appropriate where "extraordinary circumstances" beyond a prisoner's control prevent timely filing.[1] *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). After carefully reviewing the circumstances of Petitioner's case, the Court concludes that he has not met his burden to establish equitable tolling. "Equitable tolling should only apply where the petitioner or movant has demonstrated diligence in pursuing the matter."

---

[1] Equitable tolling is also appropriate where conduct of the defendant "lulled the plaintiff into inaction," a circumstance not at issue in this case. *See Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir.2000), *cert. denied*, 534 U.S. 863 (2001).

*United States v. Martin*, 408 F.3d 1089, 1095 (8th Cir. 2005).  "Ineffective assistance of counsel, where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance in this regard."  *Martin*, 408 F.3d at 1093.  Petitioner has failed to present any proof which demonstrates extraordinary circumstances beyond his control which prevented him from timely filing.   Further, Petitioner has failed to demonstrate diligence in pursuing this matter.

Additionally, Petitioner's claims fail on the merits.  To prove a claim of ineffective assistance of counsel, petitioner must show both that his counsel's performance fell below an objective standard of reasonableness and that this deficient performance prejudiced his defense.  *See, Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).  "Where the conviction was entered on the basis of a guilty plea, the second part of the test is slightly modified. In the guilty plea context, the convicted defendant must demonstrate that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Matthews,* 114 F. 3d at 114.

Petitioner has failed to prove that he suffered prejudice even if the Court were to find that his counsel's performance were deficient.  Petitioner does not allege that but for his counsel's errors he would not have pled guilty. Petitioner specifically agreed in his plea agreement that he would not receive a role reduction and that he was eligible for a two point reduction for acceptance of responsibility, with the determination of whether to apply the third point reduction to be made by the government at the time of sentencing.  Accordingly, the Court denies Petitioner's motion on these claims .

For the reasons stated above, petitioner's Motions to Vacate, Set Aside, or Correct

3

Sentence pursuant to 28 U.S.C. § 2255,(docket #33) is denied .

    IT IS SO ORDERED this 19th day of June, 2006.

                                          _____
                                          James M. Moody
                                          United States District Judge